■ The People of the State of New York, Respondent, v. Charles Cooper, Appellant.— Judgment of conviction unanimously reversed on the law, and on the facts, and in the exercise of discretion, and a new trial ordered. The conviction depends upon the credibility to be given the testimony of two sisters who were the victims of an alleged robbery committed on March 12, 1960 in the apartment of one of them. If we give credence to their testimony, it appears that they were able to and did observe fully the face and general appearance of one of the three alleged robbers who was identified by them 17 months later as the defendant Charles Cooper. Certainly, if, at the time of the incident, they had recognized the particular individual as one whom they knew or as resembling one with whom they were acquainted, it is reasonable to expect that they would have given this information promptly to the police. One of these witnesses, Miss Hill, testified that she had known the defendant four years or more. She then reiterated rather unequivocally that she knew this defendant. The other witness, Mrs. Faison, testified that she had seen the defendant six or seven times when he was 14 or 15 years of age (he was 20 at the time of the alleged robbery), and that she had seen him on the street and had recognized him as Charles Cooper within a few weeks preceding the robbery. She was acquainted with the defendant's mother and, as to this latter occasion, a few weeks before the robbery, she testified that she recognized the defendant to the extent of asking "Are you Willie's son?" (Willie being a nickname for his mother), and that the defendant said "Yes." Mrs. Faison also admitted that she again saw the defendant about three weeks after the alleged robbery. He was then standing behind another man at the door of a club where the witness, Mrs. Faison, was working. She testified that he fell back; that she was "nervous and flustered"; that she recognized him then "immediately" as one of the robbers; and that then she "surmised" the robber might have been Charles Cooper. So, upon the record here, it would appear that these victims of the alleged robbery should have then and there recognized the particular individual as one of the robbers; or, that in any event, on the review of the incident in the talks with the police, between themselves, and with Mr. Faison, his identity should have been recalled to mind. But, notwithstanding the alleged robbery was promptly reported, the information which would connect this defendant therewith was not given to the police until August 9, 1961. The testimony by Mrs. Faison was that, in June, 1961, the defendant came to the club where this witness was working, to see his mother who was visiting there, and that then she became "definitely sure" that the defendant was one of the three robbers. But even then, she did not go to the police with the information and it was not until some weeks thereafter that the police were called when she saw the defendant on the street and pointed him out to her husband. On the state of this record, there was no plausible explanation for the failure of the two women, or one of them, to recognize the defendant at the time of the robbery or, in any event, to pass along to the police within a reasonable time information which would have led them to identify the defendant as one of the robbers. We realize, as argued by the People, that the issue is one of credibility and that, generally speaking, such issue is for the trier of the facts. Here, however, on the whole record, we have concluded that the finding of the jury as to the guilt of the defendant, necessarily resting,

as it does, upon the resolving in the favor of the People of the issue of credibility of the particular witnesses, is contrary to the weight of the evidence; and that, in any event, a new trial should be had in the interests of justice. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.